IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| GERALYN MCCLURE FRANKLIN, PH.D. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  9:17-CV-00193-RC |
| | § | |
| | § | Judge Clark |
| v. | § | |
| | § | |
| STEPHEN F. AUSTIN STATE UNIVERSITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The court referred this matter to the United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of pretrial motions, including dispositive motions. Judge Giblin issued a report and recommendation on May 9, 2019, and the parties timely objected. With the exception of the clerical error concerning Dr. Franklin's complaint date, the court finds the parties' objections unpersuasive.

Plaintiff Geralyn McClure Franklin brought a sex discrimination claim under Title VII, 42 U.S.C. § 2000e-2, against Defendant Stephen F. Austin State University ("SFASU") for its alleged failure to promote her to permanent dean of the Rusche College of Business. Defendant SFASU conducted two searches for the permanent dean position. Dr. Franklin applied for the first search in December 2013, but no candidate was selected and the search was declared a failure. Another search was conducted in June 2014, but Dr. Franklin did not apply and a male candidate was hired to be the permanent dean. Defendant SFASU moved for summary judgment. On May 9, 2019, Judge Giblin issued a report and recommendation on Defendant SFASU's motion for summary

judgment. [Dkt. #43]. Specifically, Judge Giblin recommended that the court find that (1) most of Dr. Franklin's evidentiary objections should be overruled; (2) Dr. Franklin failed to establish a prima facie case for failure to promote related to the Second Search; (3) summary judgment be denied concerning the First Search because there is a genuine issue of material fact about whether gender was a motivating factor in Defendant SFASU's decision not to promote Dr. Franklin after the First Search; and (4) to the extent that Dr. Franklin is alleging a cat's paw theory of liability or constructive discharge, summary judgment should be granted for both because she has abandoned those claims. The parties timely filed objections to Judge Giblin's Report and Recommendation.

Dr. Franklin objects on the bases that (1) the Report and Recommendation contains a clerical error: Dr. Franklin filed her complaint on November 14, 2017—not May 3, 2018; (2) Dr. Franklin was not on notice that she failed to state a prima facie case of discrimination with respect to the Second Search; and in any event, sufficient evidence in the summary judgment record show that it would have been futile for her to apply; (3) the Report and Recommendation incorrectly concludes that paragraphs 5 and 6 of Jill Still's declaration are admissible; and (4) the Report and Recommendation incorrectly finds that Defendant SFASU articulated a legitimate, non-discriminatory basis for President Pattillo not promoting Dr. Franklin.

Defendant SFASU objects that the Report and Recommendation incorrectly recommended that a fact issue exists as to whether President Pattillo's decision not to promote Dr. Franklin after the First Search was, in part, motivated by gender. Specifically, Defendant SFASU argues that an opposite finding is appropriate for two reasons: (1) the "same actor" inference creates a presumption that gender was not a factor in President Pattillo's decision to not promote Dr. Franklin to permanent dean because he hired her as the interim dean; and (2) the Report and Recommendation erred in placing significance on President Pattillo's decision in the Second

Search to hire a male candidate after Provost Berry recommended hiring the female candidate, Lisa Toms.

The court has conducted a *de novo* review of the Report and Recommendation, the parties' objections, and the record as a whole. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). Dr. Franklin is correct that she filed her complaint on November 14, 2017 [Dkt. #1] and not on May 3, 2018. The parties' remaining objections are unconvincing.

Dr. Franklin's objection that she did not receive notice that there was a dispute regarding her ability to establish a prima facie case with respect to the Second Search is unpersuasive. Although Dr. Franklin agrees that the two searches "may properly be considered two discrete incidents of discrimination" [Dkt. # 45 at 2], she confounded the two searches into one discrete act of discrimination in her complaint and only brought one sex discrimination claim based on facts concerning the First and Second Search. [Dkt. #1]. And despite opportunities to amend her complaint, she did not remedy this issue. [Dkt. #11]. Following Dr. Franklin's lead, Defendant SFASU also treated the two discrete acts of discrimination as one claim and moved for summary judgment on Dr. Franklin's single sex discrimination claim. In her Response to Defendant SFASU's motion for summary judgment, Dr. Franklin argued that she established a prima face case of discrimination and discusses events that occurred during and after the Second Search as proof that she satisfied the necessary elements. [Dkt. #28 at 24]. Nevertheless, she contends that she was not on notice that there was a dispute regarding her ability to state a prima facie case with respect to the Second Search. Regardless, at a minimum, the Report and Recommendation provided Dr. Franklin with notice of her failure to establish a prima facie case regarding the Second Search. *See* Fed. R. Civ. P. 56(f). She received a reasonable time to respond to the issue and did respond with citations to summary judgment evidence. [Dkt. #45 at 2-4].

The court remains unconvinced that Dr. Franklin established a prima facie case for sex discrimination concerning the Second Search. Dr. Franklin's argument that her application would have been futile, without addressing whether a discriminatory policy deterred her, misses the crux of her obligation. To overcome her application failure for the Second Search, Dr. Franklin must show that her application would have been futile because of a discriminatory policy—that is, she was deterred from applying for a position due to an employer's discriminatory policy. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 368 (1977) ("Because [plaintiff] is necessarily claiming that he was deterred from applying for the job by the employer's discriminatory practices, his is the not always easy burden of proving that he would have applied for the job had it not been for those practices."). *See also*, *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999) (affirming district court's decision to grant summary judgment because plaintiff failed to apply and the evidence showing that defendant had a policy of discrimination was "speculative at best"); *Jenkins v. Louisiana Workforce Comm'n*, 713 F. App'x. 242, 245 (5th Cir. 2017) (rejecting plaintiff's argument that a futile gesture "usually requires" but does not mandate a showing of discriminatory policy and holding that plaintiff failed to state a claim because she failed to allege a discriminatory policy; and in fact, her allegations supported the opposite). Likewise, Dr. Franklin failed to present evidence that Defendant SFASU had a discriminatory policy that deterred her from a second application. And no evidence indicates that the decision-maker, President Pattillo, had a gender-based animus, made remarks that he would "never promote a woman" (or words to that effect), or had a past history of failure to promote women. In fact, President Pattillo did promote Dr. Franklin in July 2012 to interim dean for the Rusche College of Business.

None of the evidence Dr. Franklin cites in her Objections shows she was deterred from applying because of a discriminatory policy. At best, Dr. Bullard's May 30, 2014 email shows that

Defendant SFASU declared the First Search a failure. At worst, the email might be taken by a jury as some evidence that Defendant SFASU did not want to reconsider any of the First Search candidates in the Second Search—regardless of gender. But the email just as likely supports a conclusion that Defendant SFASU was hoping a better candidate might apply; or if not, a choice could still be made from those who did apply, including any candidate who had applied previously. Dr. Franklin, for whatever reason, chose not to take the risk of a second rejection and, without evidence of futility due to a discriminatory policy, is in no position to complain about not being hired after the Second Search.

Provost Berry's testimony that he felt President Pattillo "already had a mind set about Dr. Franklin" does not establish that Defendant SFASU had a discrimination policy that deterred Dr. Franklin from applying or that President Pattillo's past remarks or actions were of a discriminatory nature that deterred Dr. Franklin from applying. Rather, as both Dr. Franklin and the Report and Recommendation noted, Provost Berry's testimony implies President Pattillo had a personal animus toward Dr. Franklin. But a mere implication of some undefined level of animus based on some unknown reason does not raise a fact issue about "futility" such that Dr. Franklin has a claim based on an application process in which she chose not to participate.

Similarly, Dr. Franklin's own testimony that former SFASU Regent Barry Nelson informed her that she would not be named the permanent dean does not establish a policy of discrimination or that the reason she failed to apply to the Second Search was because of such a policy. First, Dr. Franklin overstates the evidence: former Regent Nelson informed Dr. Franklin that he *believed* she would not be promoted to permanent dean—not that she, in fact, would not be promoted. [Dkt. #28-1 at 63]. Second, former Regent Nelson provided no explanation for his belief so his belief could not be evidence of any policy—much less a discriminatory one. Third, at worst, this evidence supports the opposite conclusion: the reason

Dr. Franklin decided not to apply for the Second Search is because former Regent Nelson told her he believed it would be futile—not because Defendant SFASU had a discriminatory policy or that President Pattillo was known for past discriminatory remarks or actions. *See* [Dkt. #28-1 at 63] (Question: "Why did you apply for that position with the United Arab Emirates University in December 2013?" Answer: "Because an individual that I trusted told me that he did not believe that I would be made the permanent dean, and that I should consider other options."). This court agrees with the Magistrate Judge's conclusion that Dr. Franklin failed to establish a prima facie case for a failure to promote related to the Second Search.

Defendant SFASU's objections are likewise unavailing. First, the "same actor" presumption that Defendant SFASU refers to as "strong" becomes, in light of all the evidence, an inference. *See* FED. R. EVID. 301. *See also* [Dkt. #46 at 3, n.4] (Defendant SFASU citing no fewer than four cases that refer to the "same actor inference," including *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996), *abrogated* on other grounds by *Reeves v. Sanderson Plumbing Products, Inc.*, 520 U.S. 133, 152 (2000) and *Spears v. Patterson UTI Drilling Co.*, 337 F. App'x 416, 421-22 (5th Cir. 2009)). Second, President Pattillo's disagreement with Provost Berry does not by itself establish discriminatory intent nor allow Dr. Franklin to make a claim of failure to promote when she did not apply to the Second Search. However, it could be some evidence—taken with all other evidence and credibility determination—that might lead reasonable jurors to find for Dr. Franklin on the failure to promote after the First Search.

As to Dr. Franklin's sex discrimination claim concerning failure to promote for the First Search, the court is not convinced that there is no material issue of fact remaining so that issue shall be tried by a jury.

IT IS THEREFORE ORDERED that Judge Giblin's Report and Recommendation [Dkt. #43] is **ADOPTED** as to all of the magistrate judge's recommendations with the exception of the clerical error concerning when Dr. Franklin filed her complaint.

IT IS FURTHER ORDERED that Defendant Stephen F. Austin State University's motion for summary judgment [Dkt. #21] is **GRANTED in part and DENIED in part**. The motion is granted in favor of Defendant SFASU on (1) Dr. Franklin's cat's paw theory and constructive discharge claims, to the extent she alleges them, and (2) Dr. Franklin's sex discrimination claim for a failure to promote as related to the Second Search Defendant SFASU conducted for a permanent dean to the Rusche College of Business.

**So Ordered and Signed**

**May 30, 2019**

_____
Ron Clark, Senior District Judge